■ In the Matter of the Claim of LISA ROEDEL, Appellant. COMMISSIONER OF LABOR, Respondent. [675 NYS2d 430] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a mortgage underwriter and normally worked weekdays from 8:00 A.M. to 5:00 P.M. In 1993, as a result of an increase of work to be completed, claimant's supervisors began requesting that she work longer than her normal hours. Claimant refused these requests stating that she had a medical condition (hypertension) and child care obligations that prevented her from working past 5:00 P.M. Although never threatening that claimant would be fired, her supervisors continued to request that she work late and commented that her refusal to do so would result in "corrective measures". According to claimant, the continued requests caused her severe stress which exacerbated her hypertension and ultimately led to her resignation. The Unemployment Insurance Appeal Board ruled that claimant had voluntarily left

her employment without good cause and denied her application for unemployment insurance benefits. After granting claimant's application to reopen and reconsider its determination, the Board adhered to its original decision.

We affirm. In our view, substantial evidence supports the Board's decision. It is well settled that dissatisfaction with one's workload does not constitute good cause for leaving employment (*see, Matter of Friedland [Sweeney]*, 237 AD2d 765). Significantly, we note that when she began her employment claimant was aware that overtime work might be required and she testified that before her child was born she had no problem working overtime. Moreover, claimant did not advise her supervisors that their continual requests were causing her stress and she did not ask them to stop requesting that she work overtime. Claimant's supervisors testified that they were not informed that she was suffering from hypertension. They also testified that the reason claimant gave for her resignation was that she wished to spend more time with her child. To the extent that claimant's version of the events surrounding her resignation differed from that of her employer, this conflict presented a credibility issue for the Board to resolve (*see, Matter of Rulka [Commissioner of Labor]*, 249 AD2d 876).

Mercure, J. P., Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.